OPINION
{¶ 1} On October 17, 2001, appellant, Kyle Blackwell, a seventeen year old minor, was charged with consumption of beer or intoxicating liquor in violation of R.C. 4301.632 and R.C. 2151.02. Appellant denied the charge, claiming any beer consumption took place in the presence of his father.
 {¶ 2} An adjudicatory hearing was held on March 15, 2002. During the hearing, appellant made a motion to dismiss based upon the state's failure to establish venue. The motion was denied. By judgment entry filed June 3, 2002, the trial court found appellant to be delinquent. By judgment entry filed June 13, 2002, the trial court sentenced appellant to ten days in the Juvenile Attention Center.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred as a matter of law in finding the minor, a delinquent child."
 II {¶ 5} "The court erred in overruling the defendant's motion to dismiss (motion for judgment of acquittal) when the evidence was insufficient to sustain a conviction."
 III {¶ 6} "The conviction of the defendant is against the weigh to f the evidence."
 I, II, III {¶ 7} Appellant's three assignments of error challenge the trial court's finding that he was delinquent for underage consumption of alcohol pursuant to R.C. 4301.632 and R.C. 2151.02. Specifically, appellant claims he established through the evidence presented the defense afforded in R.C. 4301.69(E). We agree.
 {¶ 8} Appellant was charged with violating R.C. 4301.632 which states as follows:
 {¶ 9} "Except as otherwise provided in this chapter, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place."
 {¶ 10} Appellant raised the defense afforded in R.C. 4301.69(E) which states as follows:
 {¶ 11} "No underage person shall knowingly possess or consume any beer or intoxicating liquor, in any public or private place, unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian, or unless the beer or intoxicating liquor is given by a physician in the regular line of the physician's practice or given for established religious purposes."
 {¶ 12} In its judgment entry of June 3, 2002, the trial court found appellant had not established the cited defense because "[t]here is no evidence that indicates Kyle was given permission at the time by his father to drink the beer."
 {¶ 13} Appellant's mother, Vonda Butler, who has a shared parenting plan with appellant's father, Clifton Blackwell, testified she did not want appellant to consume alcohol and had conveyed this to Mr. Blackwell. T. at 17, 18-19. Dwight Frutig testified appellant was at his home with his father and appellant "took a few sips of his dad's beer." T. at 26. Mr. Frutig stated appellant's father was present, "sitting right there on the couch." T. at 27. Appellant admitted to sipping the beer in the presence of his father. T. at 31-32.
 {¶ 14} Given the specific language of R.C. 4301.69(E), the burden on the defense was only to prove that appellant was with his parent. Specific permission of the parent was not required.
 {¶ 15} Assignments of Error I, II and III are granted.
 {¶ 16} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and the finding of delinquency is vacated.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
Topic: Sipping beer in front of parent.